Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXALDO TOPACIO, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> - against - <br><br> VERIZON COMMUNICATIONS INC., a corporation, and VERIZON NETWORK INTEGRATION CORP., a corporation, <br><br> Defendants. | 07 CIV 8342 <br><br> Civ. No. _____ |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Verizon Network Integration Corp. ("VNIC") and Verizon Communications Inc. ("VCI"), collectively referred to hereinafter as "Defendants," hereby remove to this Court the above-captioned state court action, and state as follows:[1]

## NATURE OF ACTION

1. Plaintiff Exaldo Topacio ("Topacio") filed this action on or about June 1, 2007 in the Supreme Court of the State of New York, New York County, Index No. 107739/07, against Defendants VNIC and VCI (the "State Court Action"). A copy of all process, pleadings, and orders served upon Defendants in the State Court Action is attached hereto as Exhibit A.

2. Defendants are the only named defendants in the State Court Action.

---

[1] Defendants VNIC and VCI reserve all rights including defenses and objections to venue, personal jurisdiction, and service. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

## THIS NOTICE OF REMOVAL IS TIMELY

3. Defendants, by stipulation entered into through their attorneys, accepted service of the Complaint on August 27, 2007. This Notice of Removal is timely under 28 U.S.C. § 1446(a), as it is filed within thirty days after Defendants received a copy of Plaintiff's initial pleading setting forth the alleged claims for relief upon which such action is based.

## BASIS OF REMOVAL

4. This action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because it is a civil action over which the district courts of the United States have original jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a)(1), and is one which may be properly removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5. At the present time and at the time of the commencement of the State Court Action, as alleged in the Complaint, Plaintiff Exaldo Topacio is and was a citizen and resident of the State of New York, County of New York. (Compl. ¶6).

6. At the present time and at the time of the commencement of the State Court Action, defendant VNIC is and was a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Pennsylvania. (Compl.¶ 8; Affidavit of J. Daniel Mason, dated September 21, 2007 ("Mason Aff.") at ¶ 6). A true and correct copy of the Affidavit of J. Daniel Mason is attached hereto as Exhibit B. Thus, VNIC is not a New York citizen for purposes of diversity jurisdiction.

7. Defendant VCI's citizenship should be disregarded for purposes of this Notice of Removal because VCI is not a proper defendant and was fraudulently joined in the State Court Action. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998) (a plaintiff

may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy).

8. "In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Id. The latter base for fraudulent joinder exists here.

9. There is no possibility that Topacio can establish a cause of action against VCI based on the allegations in the Complaint.

10. Plaintiff's State Court Action is based on a claim that Defendants misclassified his employment as exempt under the New York Labor Law, and that he should have been classified as non-exempt and allegedly is therefore entitled to overtime pay for hours worked. (Compl. ¶¶ 16, 19).

11. The only basis Plaintiff provides for alleging that Defendant VCI is liable for damages is that "Plaintiffs and the Class Members were employed by Defendants within the meaning of New York Labor Law §§ 190 and 651(5)." (Compl. ¶ 23).

12. Plaintiff was employed by Defendant VNIC from December 22, 1997 - April 1, 2003. (Mason Aff. at ¶ 5.)

13. Defendant VCI is a holding company with only 23 employees and is not now, nor has it ever been, Plaintiff's employer. (Affidavit of Paula R. Harris, dated September 24, 2007 ("Harris Aff.") at ¶¶ 4, 5). A true and correct copy of the Affidavit of Paula R. Harris is attached hereto as Exhibit C.

14. Because there is no possibility that Plaintiff can establish a cause of action against VCI based on the allegations in the Complaint, VCI should be deemed fraudulently joined, and its citizenship should be disregarded for jurisdictional purposes.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

15. The matter in controversy exceeds the sum of or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

16. Plaintiff is seeking to recover "unpaid regular wages, unpaid overtime wages, reasonable attorneys fees, and costs of the action." (Compl. ¶ 27).

17. Plaintiff was employed by VNIC and its predecessor from December 22, 1997 – April 1, 2003, and was last compensated at a base salary of $63,200. (Affidavit of John J. Boylan, dated September 25, 2007 ("Boylan Aff.") at ¶ 4). A true and correct copy of the Affidavit of John J. Boylan is attached hereto as Exhibit D. If Plaintiff were to succeed on his theory of the case and obtain the damages he requested, he could potentially recover overtime pay, pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations, for a period of nearly two years. (Compl. ¶¶ 15, 27).

18. Although the amount in controversy must generally exclude "interest and costs," attorneys' fees, when allowed by contract or applicable law, may be included in determining the amount in controversy. See Givens v. W.T. Grant Co., 457 F.2d 612, 614 (2d Cir. 1972), vacated on other grounds, 409 U.S. 56 (1972) (attorneys' fees may be included in the calculation if they are recoverable as a matter of contractual or statutory right); Maxons Restorations, Inc. v. Newman, 292 F. Supp. 2d 477, 482 (S.D.N.Y. 2003).

19. Attorneys' fees are an available remedy for violations of the New York Labor Law. See N.Y. Lab. Law section 198 (1-a) ("In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such

employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.")

20. Here, Plaintiff included a demand for attorneys' fees in his Complaint. (Compl. ¶ 27). Plaintiff is represented by Outten & Golden, a prominent New York plaintiff's side class action employment law firm. Considering only the legal fees likely to be incurred throughout discovery, briefing related to VNIC's motion for summary judgment and other possible subsequent litigation, a reasonable estimate of the attorneys' fees at issue in this action comes close to $75,000.

21. Thus, Plaintiff's potential recovery of any unpaid regular wages and overtime wages for a multiple-year period, in addition to attorneys' fees would certainly exceed $75,000.

## JURISDICTION

22. Accordingly, this Court has original diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between the properly joined and served parties and because the alleged amount in controversy exceeds $75,000. Thus, this action may properly be removed to this Court under diversity jurisdiction. 28 U.S.C. § 1441(a).

## OTHER REMOVAL REQUIREMENTS

23. Promptly after the filing of this Notice of Removal, Defendants shall provide written notice of the Removal to Plaintiff through his attorneys of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Dated: September 25, 2007
       New York, New York

Respectfully submitted,

VERIZON COMMUNICATIONS INC. and VERIZON NETWORK INTEGRATION CORP.

By: /s/ Shari M. Goldsmith
Shari M. Goldsmith (SG-0909)
Kathleen L. McAchran (*pro hac vice* admission to be filed)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

Stanley Weiner (*pro hac vice* admission to be filed)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:   (216) 586-3939
Facsimile:   (216) 579-0212

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served on the following counsel of record this 25th of September, 2007 by forwarding a copy, via Federal Express, addressed to:

> Adam T. Klein
> Justin M. Swartz
> Carmelyn P. Malalis
> Outten & Golden LLP
> 3 Park Avenue, 29th Floor
> New York, NY  10016
> (212) 245-1000

> Shari M. Goldsmith (SG – 0909)
> Jones Day
> 222 East 41st Street
> New York, NY 10017-6702
> (212) 326-3939