UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

EXALDO TOPACIO, on behalf of himself )
and all others similarly situated, )
           )
                Plaintiff, )
           )
               -against- )
           )
VERIZON COMMUNICATIONS INC., a )
corporation, and VERIZON NETWORK )
INTEGRATION CORP., a corporation, )
           )
             Defendants. )

-------------------------------------------------------x

No. 07-CIV-8342 (CM)

ANSWER TO CLASS ACTION
COMPLAINT

      Defendants Verizon Communications Inc. ("VCI") and Verizon Network Integration

Corp. ("VNIC") (collectively, "Defendants"), respond as follows to the Class Action Complaint

(hereinafter "Complaint") filed by Plaintiff Exaldo Topacio (hereinafter "Plaintiff"):

      1.       Defendants admit only that Plaintiff purports to bring an action for violation of

New York wage and hour laws by and on behalf of other "similarly situated other persons"

employed by Defendants.  Defendants deny that the identified group of "similarly situated other

persons" exists or that this case can properly be maintained as a class action or that the identified

class is properly defined or appropriate.  Defendants deny the remaining allegations in paragraph

1 of the Complaint.

      2.       Defendants deny the allegations in paragraph 2 of the Complaint, and specifically

deny that VCI is a proper defendant in this action and that VCI ever employed "Plaintiff and the

Class Members."

      3.       Defendants deny the allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint. Defendants further respond that the allegations in paragraph 4 constitute legal conclusions or opinions that Defendants are not required to admit or deny.

5.      Defendants respond that the allegations in paragraph 5 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny. Defendants further respond that Plaintiff and the purported class members are not entitled to any relief whatsoever.

6.      Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff is currently a resident of New York, New York, as alleged in paragraph 6 of the Complaint. Defendants deny the remainder of the allegations in paragraph 6 of the Complaint.

7.      Defendant VCI admits the allegations in paragraph 7 of the Complaint.

8.      Defendant VNIC admits the allegations in paragraph 8 of the Complaint and further responds that Defendant VNIC has its principal place of business in the state of Pennsylvania.

9.      Based on Plaintiff's definition of "Verizon" as Verizon Communications Inc. and Verizon Network Integration Corp., Defendants admit that VCI is a publicly traded company, as alleged in paragraph 9 of the Complaint, and deny that VNIC is a publicly traded company, as alleged in paragraph 9 of the Complaint.

10.     Defendants deny the allegation that "the 'Network Technician' jobs are not positions involving work that falls within any exception to" New York Labor Law Article 6 or 19," as alleged in paragraph 10 of the Complaint. Defendants respond that the remaining allegations in paragraph 10 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny.

11.    Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff is currently a resident of New York, New York, as alleged in paragraph 11 of the Complaint. Defendants further admit that Plaintiff was employed by defendant VNIC. Defendants deny the remaining allegations in Paragraph 11 of the Complaint, and specifically deny that defendant VCI employed Plaintiff.

12.    Defendants admit only that Defendants have operated offices and done business in the State of New York. Defendants further respond that the allegations in paragraph 12 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny.

13.    Defendants admit only that Plaintiff asserts state law causes of action, as alleged in paragraph 13 of the Complaint. Defendants further respond that the allegations in paragraph 13 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny.

14.    Defendants respond that the allegations in paragraph 14 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny. Defendants further respond that Plaintiff and the purported class members are not entitled to any relief whatsoever.

15.    Defendants admit that Plaintiff purports to sue on his own behalf and on behalf of "all current and former employees who have performed technical support functions (*i.e.*, installing, maintaining, and/or supporting computer software and/or hardware for Verizon customers; providing technical support for Verizon customers; and maintaining Verizon' customers' computer network systems), in the State of New York, during the period of six year(s) prior to the date of commencement of this action, through the date of final disposition ….."

Defendants deny that the identified class exists, that this case can be properly maintained as a class action, and that the identified class is properly defined or appropriate. Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint. Defendants further respond that the allegations in paragraph 16 constitute legal conclusions or opinions that Defendants are not required to admit or deny.

17.     Defendants deny that the identified class exists, that this case can be properly maintained as a class action, and that the identified group class is properly defined or appropriate. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations in paragraph 18 of the Complaint. Defendants further respond that the allegations in paragraph 18 constitute legal conclusions or opinions that Defendants are not required to admit or deny.

19.     Defendants deny the allegations in paragraph 19 of the Complaint and deny that Plaintiff and the purported class members are entitled to any relief whatsoever. Defendants further respond that the allegations in paragraph 19 constitute legal conclusions or opinions that Defendants are not required to admit or deny.

20.     Defendants deny the allegations in paragraph 20 of the Complaint. Defendants further respond that the allegations in paragraph 20 constitute legal conclusions or opinions that Defendants are not required to admit or deny.

21.     Defendants admit only that Plaintiff has retained counsel. Defendants deny the remaining allegations in paragraph 21 of the Complaint. Defendants further respond that the allegations in paragraph 21 constitute legal conclusions or opinions that Defendants are not required to admit or deny.

22.     Defendants re-allege and incorporate by reference paragraphs 1 through 21 of this Answer.

23.     Defendants admit that Plaintiff was employed by VNIC.  Defendants deny the remaining allegations in paragraph 23 of the Complaint, and specifically deny that "Plaintiff and the Class Members" were employed by VCI, as alleged in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.  Defendants further respond that the allegations in paragraph 24 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.  Defendants further respond that the allegations in paragraph 25 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.  Defendants further respond that the allegations in paragraph 26 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.  Defendants further respond that the allegations in paragraph 27 of the Complaint constitute legal conclusions or opinions that Defendants are not required to admit or deny.

28.     Defendants admit the allegation in paragraph 28 of the Complaint.

PRAYER FOR RELIEF

29.    In response to Plaintiff's prayer for relief, Defendants deny that Plaintiff, as well as any other putative class member, is entitled to the requested relief, or any relief whatsoever.

30.    By way of further response to the Complaint, to the extent that any allegations have not been admitted or denied, Defendants deny them.

DEFENSES

Defendants assert the following defenses, and reserve the right to amend or supplement their answer(s) and/or defenses as may be warranted by the information developed through subsequent discovery.

First Defense

31.    Plaintiff's Complaint (as it relates to Plaintiff and the putative class members), in whole or in part, fails to state claims upon which relief can be granted.

Second Defense

32.    Defendant VCI is not a proper party to this case because it never employed Plaintiff or any member of the putative class.

Third Defense

33.    Plaintiff's claims (and the claims of the putative class members) are barred because they executed agreements in which they waived and/or released the claims asserted in the Complaint.

Fourth Defense

34.    Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

## Fifth Defense

35.     Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, accord and satisfaction, settlement and/or payment and release.

## Sixth Defense

36.     Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by the applicable statutes or periods of limitations.

## Seventh Defense

37.     Plaintiff's state law claims (and the claims of the putative class members) may be preempted, in whole or in part, by the Fair Labor Standards Act.

## Eighth Defense

38.     No act or omission of Defendants alleged to have violated New York state law was willful, knowing, or in reckless disregard for the provisions the law.

## Ninth Defense

39.     Defendants have at all times endeavored in good faith to comply with the provisions of applicable New York state law, and they had reasonable grounds for believing that they were in compliance therewith.

## Tenth Defense

40.     Defendants acted in good faith in conformity with and in reliance on administrative regulations, orders, rulings, interpretations, practices or enforcement policies and without any willful intent to deprive Plaintiff (and the putative class members) of compensation.

Eleventh Defense

41.     Plaintiff's claims (and the claims of the putative class members) are barred to the extent that Plaintiff and any members of the putative class were/are exempt from the overtime provisions of applicable New York state law because they were employed in a bona fide executive, administrative, and/or professional capacity, or in a computer employee capacity.

Twelfth Defense

42.     Plaintiff's claims (and the claims of the putative class members) are barred to the extent that Plaintiff and any putative class members are exempt from the statutory requirements upon which such claims are based.

Thirteenth Defense

43.     Some or all of Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, by statutory exemptions, exclusions, exceptions or credits under applicable New York state law.

Fourteenth Defense

44.     Plaintiff's claims (and the claims of the putative class members) are barred, in whole or in part, because Plaintiff lacks standing to bring claims on behalf of some or all of the putative class members.

Fifteenth Defense

45.     Plaintiff (and the putative class members) is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful practice(s) occurred, which Defendants deny, such practice(s) was/were prohibited by Defendants' policies and was/were not committed, countenanced, ratified, or approved by higher management in Defendants' corporate structure.

Sixteenth Defense

46.    Plaintiff's claims (and the claims of the putative class members) are barred because Defendants had reasonable grounds for believing that they were in compliance with the applicable law and its regulations.

Seventeenth Defense

47.    Plaintiff's claims (and the claims of putative class members) are barred as to all hours during which they were engaged in activities that were preliminary to or after their principal activities.

Eighteenth Defense

48.    Plaintiff's claims (and the claims of putative class members) are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

Nineteenth Defense

49.    Plaintiff's claims (and the claims of the putative class members) are not entitled to certification under New York Civil Practice Law and Rules §§ 901, *et seq.* because Plaintiff cannot satisfy the applicable standards.

Twentieth Defense

50.    Plaintiff's attempt to pursue this case as a class action fails because an independent and individual analysis of Plaintiff's claims, the claims of each putative class member, and the defenses of each Defendant is required.

Twenty-First Defense

51.    Plaintiff (and the putative class) are not entitled to class certification because Plaintiff fails to define the classes he purports to represent clearly and/or objectively.

Twenty-Second Defense

52.     Plaintiff's attempts to pursue claims in this lawsuit as a class action violate Defendants' state and federal constitutional due process and jury trial rights.

Twenty-Third Defense

53.     The New York State overtime and corresponding regulation, 12 N.Y.C.C.R.R. §142-2.2, are invalid as an unconstitutional delegation of authority under the New York State Constitution.

Twenty-Fourth Defense

54.     Defendants have not knowingly or intentionally waived any applicable defenses and they reserve the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendants further reserve the right to amend this Answer and/or these defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, together with costs, fees and any other relief that the Court deems appropriate.

Dated: October 26, 2007          Respectfully submitted,
New York, New York

VERIZON COMMUNICATIONS INC. and VERIZON
NETWORK INTEGRATION CORP.

By: _____
Kathleen L. McAchran (*pro hac vice* admission to be filed)
Shari M. Goldsmith (SG - 0909)
JONES DAY
222 East 41st Street
New York, NY  10017-6702
Telephone:  212-326-3939
Facsimile:  212-755-7306


Stanley Weiner (*pro hac vice* admission to be filed)
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:      (216) 586-3939
Facsimile:       (216) 579-0212

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2007, the foregoing Answer to Class Action Complaint was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties:

> Adam T. Klein
> Justin M. Swartz
> Carmelyn P. Malalis
> Outten & Golden LLP
> 3 Park Avenue, 29th Floor
> New York, NY 10016
> (212) 245-1000

> Shari M. Goldsmith (SG - 0909)
> JONES DAY
> 222 East 41st Street
> New York, NY 10017-6702
> smgoldsmith@jonesday.com
> (212) 326-3939

NYI-4029038v4